[Cite as *In re J.C.*, 2024-Ohio-1883.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE J.C. | : | |
| | : | No. 113476 |
| A Minor Child | : | |
| | : | |
| [Appeal by the State of Ohio] | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** May 16, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL23108692

### *Appearances:*

Cullen Sweeney, Cuyahoga County Public Defender, and
Britta Barthol, Assistant Public Defender, *for appellee.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Anthony T. Miranda and Alyssa Waite,
Assistant Prosecuting Attorneys, *for appellant.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Appellant, the state of Ohio, appeals the juvenile court's November 30, 2023 order on the state's motion for a mandatory transfer of appellee, J.C., to the general division of the Cuyahoga County Court of Common Pleas for the purpose of criminal prosecution pursuant to R.C. 2152.10(B). The state reads the order to be a

denial of its motion. The appellee asserts that there is no final, appealable order and argues that, even if this court had jurisdiction, the order should be affirmed.

{¶ 2} On this appeal, this court must decide whether we have jurisdiction over an order on a motion for mandatory transfer that (1) adjudicates fewer than all the delinquency charges and (2) orders an amenability investigation without stating whether the motion is granted or denied. For the reasons that follow, we dismiss the appeal for lack of a final, appealable order.

## I. Factual Background and Procedural History

{¶ 3} J.C. was born on November 24, 2005. He was 17 years old on July 27, 2023.

{¶ 4} The state filed a nine-count complaint in the juvenile court alleging that J.C. was a delinquent child because he committed acts that would constitute the following offenses if committed by an adult: aggravated robbery (Count 1), aggravated burglary (Count 2), three counts of robbery (Count 3–5), tampering with evidence (Count 6), carrying a concealed weapon (Count 7), attempted grand theft (Count 8) and aggravated menacing (Count 9). Counts 1, 3, 4, 5 and 8 carried one- and three-year firearm specifications. Count 2 and 6 carried only one-year firearm specifications. The allegations stemmed from an investigation into an attempted carjacking on July 27, 2023.

{¶ 5} The state moved for a mandatory transfer of J.C. to the general division for purposes of criminal prosecution. The juvenile court held a probable cause hearing on October 18, 2023, at which four witnesses testified for the state.

{¶ 6} On November 30, 2023, the juvenile court issued its probable cause decision. The court found probable cause as to Count 2 (aggravated burglary), Counts 3–5 (robbery), Count 6 (tampering with evidence), Count 7 (carrying a concealed weapon) and Count 8 (attempted grand theft). The court further found probable cause for the one-year firearm specifications attached to Counts 2–6 and 8.

{¶ 7} The decision went on to state the following:

The Court further finds as to counts 2–6 and 8:

> The child had a firearm on or about the child's person or under the child's control at the time of the act charged, the act charged is not a violation of section 2923.12 of the Revised Code; and that during the commission of the act charged, there was insufficient evidence to show reasonable cause to believe that the child did use or display the firearm, brandish the firearm, or indicate that the child possessed a firearm as alleged or that in attempting or committing a theft offense or in fleeing immediately after the attempt or offense upon the alleged victim, did not have a deadly weapon on or about his person or under his control which he displayed, brandished, indicated that he possessed it or used it to facilitate the offense set forth in count one.

{¶ 8} The trial court's decision does not explicitly state whether the court granted or denied the state's mandatory-transfer motion, nor does the decision mention Count 9 (aggravated menacing).

{¶ 9} The state appealed, raising the following assignment of error:

> The trial court erred in denying the State's motion for mandatory transfer and erred in determining that there did not exist probable cause to believe that J.C. had a firearm on his person and that J.C. indicated possession of the firearm when attempting to rob the victim.

{¶ 10} J.C. argued in his appellate briefing that this court lacks subject-matter jurisdiction over this matter because the trial court's decision was not a final, appealable order.

## II.   Law and Analysis

{¶ 11} We begin our analysis with the threshold issue of this court's jurisdiction.

{¶ 12} The parties agree that the juvenile court's order failed to explicitly indicate whether the court granted or denied the state's mandatory transfer motion. The state does not seem to dispute that the order also failed to indicate whether the trial court found probable cause to believe that J.C. committed aggravated menacing (Count 9).  Finally, we note that the juvenile court mentioned the aggravated robbery allegation (Count 1) only in the context of stating its finding, "as to counts 2–6 and 8," that there was no probable cause to believe that J.C. had "a deadly weapon on or about his person or under his control which he displayed, brandished, indicated that he possessed it or used it to facilitate the offense set forth in count one."

{¶ 13} The parties disagree as to what these deficiencies mean for this appeal.

{¶ 14} J.C. argues that this case must be dismissed for lack of subject-matter jurisdiction, because the trial court's decision was not a final, appealable order.  The state concedes the "strange wording" of the decision but insists that (1) the order can be reasonably interpreted as denying mandatory transfer, especially when the court ordered an investigation regarding J.C.'s amenability to juvenile rehabilitation and

(2) while the trial court referred to "Counts 2–6 and 8" when discussing its finding that J.C. did not possess or use a firearm, its wording mirrored the statutory elements of aggravated robbery (Count 1).

{¶ 15} "R.C. 2505.03 generally provides that every final order or judgment may be reviewed on appeal" and "R.C. 2945.67(A) specifically governs appeals by the state in * * * juvenile delinquency proceedings." *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 30. R.C. 2945.67(A), in turn, provides as follows in relevant part:

> A prosecuting attorney * * * may appeal as a matter of right * * * any decision of a juvenile court in a delinquency case [that] grants a motion to dismiss all or any part of * * * [a] complaint * * *, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict * * * of the juvenile court in a delinquency case.

{¶ 16} The Ohio Supreme Court has held that a juvenile court's denial of a mandatory transfer motion is a final, appealable order and "is the functional equivalent of the dismissal of an indictment," such that the state may appeal these denials as of right. *See In re A.J.S.* at ¶ 28, 33.

{¶ 17} Here, the juvenile court's order adjudicated fewer than all the delinquency counts after the probable-cause hearing. Moreover, it ordered an amenability investigation without explicitly denying the state's motion for transfer. The entry does not address Count 9 (aggravated menacing) at all. The entry arguably addresses Count 1 (aggravated robbery), albeit awkwardly, in that the court discussed the elements of aggravated robbery in the context of setting forth its reasoning as to the firearm specifications. Moreover, the entry fails to explicitly

grant or deny the state's motion for mandatory transfer. While failing to explicitly deny the motion, the entry orders an amenability investigation. The question we must answer is what to do under these unique circumstances.

{¶ 18} In a case on equal footing with the case at bar, this court dismissed an appeal based on there being no final, appealable order where the juvenile court's order on mandatory transfer "fail[ed] to indicate whether the court found probable cause to believe that the juvenile committed several of the acts charged" and "fail[ed] to indicate whether the trial court granted or denied mandatory transfer." *In re J.R.*, 8th Dist. Cuyahoga No. 109707, Motion No. 543186 (Jan. 5, 2021). We adopt that approach here.

{¶ 19} We need not consider in this appeal whether we would have jurisdiction — under R.C. 2945.67(A) — over an order that explicitly denies mandatory transfer while adjudicating fewer than all the acts charged. But where the juvenile court's order both fails to state whether the transfer motion was granted or denied and fails to adjudicate several of the acts charged, following this court's precedent, there is no final, appealable order.

{¶ 20} The fact that the juvenile court ordered an amenability investigation does not convince us to construe the order as a denial of the transfer motion, in the absence of a formal ruling on the motion. *See In re S.C.M.*, 10th Dist. Franklin Nos. 09AP-462 and 09AP-463, 2009-Ohio-6778, ¶ 12–13 (rejecting the argument that "the juvenile court necessarily denied the state's motion for mandatory bindover when the court scheduled S.C.M. for an amenability hearing" because "the juvenile

court neither has granted nor denied the state's motions for a bindover, either mandatory or discretionary").

{¶ 21} It may very well be that the juvenile court intended to deny the state's motion. But we are convinced that, under the unique circumstances of this case and consistent with our precedent, the better practice is to require the juvenile court to correct the deficiencies in its journal entry before addressing the merits of the state's appeal.

## III. Conclusion

{¶ 22} Having found that the judgment appealed from is not a final, appealable order, we dismiss this appeal. The juvenile court should issue a final order as soon as possible.

{¶ 23} The clerk of the court of appeals is directed to serve a copy of this order upon the juvenile court judge and the administrative judge of the juvenile court and immediately return the instant file to the juvenile court.

It is ordered that the appellant bear the costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
MARY EILEEN KILBANE, J., CONCUR